

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2009

# USA v. Angel Benitez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2765

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Angel Benitez" (2009). *2009 Decisions.* Paper 1359.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1359

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2765

———————

UNITED STATES OF AMERICA

v.

ANGEL BENITEZ,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00219-01)

District Judge: Honorable Lawrence F. Stengel

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on March 10, 2009

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges

(Filed: May 15, 2009)

———————

OPINION OF THE COURT

———————

ALDISERT, Circuit Judge.

Angel Benitez ("Appellant") appeals the United States District Court for the

Eastern District of Pennsylvania's denial of his motion to suppress, arguing that the police did not have reasonable suspicion to stop and frisk him and that therefore a gun that the police recovered from his waistband and his statement admitting to possession of the gun were inadmissible as fruits of this violation. We will affirm.[1]

I.

On June 22, 2006, the Reading Police Department responded to a burglary call. The victims of the burglary told the responding officer that Julio Melendez and another Hispanic male entered the home without permission, brandished handguns and ordered those present to give up their valuables. Melendez's ex-girlfriend, one of the victims of the burglary, told police that Melendez was driving a green Dodge Caravan with Florida license plates numbered I50ALW. Based on this information, the responding officer requested and obtained a criminal complaint and an arrest warrant charging Melendez with burglary and aggravated assault, among other crimes. The responding officer also prepared a Wanted Persons Report, summarizing the burglary and including the vehicle description. This report was read at roll call and was made available to all local police officers.

Approximately two weeks later, Reading Police Officer Christopher Beaker heard

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a motion to suppress for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the district court's properly found facts. United States v. Coles, 437 F.3d 361, 365 (3d Cir. 2006) (citing United States v. Givan, 320 F.3d 452, 458 (3d Cir. 2003)).

the Wanted Persons Report for Melendez at roll call at the start of his shift. While on patrol that evening, Officer Beaker saw a Dodge Caravan, which matched the description and tag number in the Wanted Persons Report. After calling for backup, Officer Beaker activated his emergency lights and pulled the Dodge Caravan over. Before the van came to a complete stop, a passenger, the Appellant, exited the van and began to walk briskly away toward a sidewalk where he started to blend in with the crowd. Officer Beaker radioed this information to other officers who stopped the Appellant on foot. The officers ordered the Appellant to "show his hands," which he did. One of the officers then approached the Appellant and patted him down, discovering a gun in the Appellant's waistband. The Appellant pled guilty to one count of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), preserving his right to appeal the denial of his motion to suppress. This appeal followed.

## II.

Police may make an investigatory stop of a person when they have a reasonable, articulable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 30 (1968). A police officer may also frisk a temporarily detained person if – in addition – they have a reasonable belief that the person is armed and dangerous. Id. at 27. A pat-down search for weapons is permitted when the officer is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id.

3

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or context than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

Alabama v. White, 496 U.S. 325, 330 (1990). The question we address is whether the responding officers had the "minimal level of objective justification" necessary for a Terry stop and frisk. United States v. Sokolow, 490 U.S. 1, 7 (1989). In making this determination, "we must consider 'the totality of the circumstances – the whole picture.'" Id. at 8 (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)).

There is no dispute that Officer Beaker conducted a valid car stop. At roll call, Officer Beaker noted the information that a green Dodge Caravan with Florida registration was used by Melendez in committing a burglary and armed robbery. When officer Beaker observed a green Caravan on patrol he confirmed the tag number against his notes from roll call and radioed to confirm that it was the vehicle used in the burglary and armed robbery. At this point Officer Beaker had reasonable suspicion that one of the occupants of the Caravan was the person wanted for the burglary and armed robbery two weeks earlier, and was warranted in stopping the van to investigate. The only issue, therefore, is whether or not the pedestrian stop of the Appellant complied with the requirements of Terry.

Here, the responding officers had reasonable suspicion to temporarily detain the Appellant. When Officer Beaker signaled for the Caravan to pull over, the Appellant,

4

who had been in the passenger seat, exited the van while it was still moving and walked briskly away into a crowd. The officers responding on foot did not have a description of Melendez, but could reasonably suspect that the Appellant was the subject of the Wanted Persons Report, or alternatively that the driver was the subject of the Wanted Persons Report but that the Appellant was fleeing with evidence of the burglary, including the firearm used to perpetrate it. Even if the officers had a physical description of Melendez, the quickly unfolding events and the Appellant's intent to flee would have prevented the officers from determining whether the Appellant was Melendez without stopping him to further investigate.

The officers acted reasonably in stopping the Appellant merely on the basis that he was a passenger of a lawfully stopped automobile. This is so because a police officer who has lawfully stopped a car may exercise superintendence over the car and its passengers. United Sates v. Bonner, 363 F.3d 213, 216 (3d Cir. 2004) (citing Pennsylvania v. Mimms, 434 U.S. 106, 110-111 (1977)). A flight from a lawful traffic stop provides reasonable suspicion to justify temporarily detaining an individual for further investigation. Id. at 218. The Appellant's argument that he did not "run," "jump from," "bail out of" or otherwise more quickly exit the vehicle is not convincing. The vehicle was in the process of being detained by Officer Beaker when the Appellant fled, creating a reasonable suspicion that criminal activity was afoot.

Finally, the responding officers had reasonable suspicion that the Appellant was

5

armed and dangerous, and acted properly when they frisked the Appellant. Reasonable suspicion may be established with information that is different in quantity or content from that which is required under the more stringent probable cause standard. <u>United States v. Valentine</u>, 232 F.3d 350, 353 (3d Cir. 2000). An officer is not required to be absolutely certain that the individual is armed. <u>Terry</u>, 392 U.S. at 27. The test is whether, based on the totality of the circumstances, a reasonably prudent person would be warranted in the belief that his safety or that of others was in danger. <u>Id.</u> Here the Appellant fled, albeit at a moderate pace, when police attempted to stop a vehicle that, two weeks earlier, had been implicated in a burglary and armed robbery. Certainly, under these circumstances, the police were warranted in suspecting that criminal activity was afoot, and were also warranted in their concern that the Appellant was armed and dangerous.

******

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.